IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| CORBIN STALCUP, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6:22-CV-00019-H-BU |
| SAFECO INSURANCE CO. OF INDIANA, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

This is an insurance dispute about the proper amount of damages and cost of repair to the Plaintiffs' property located in Goldtwaite, Texas. Dkt. No. 10 at 1. Plaintiffs Corbin and Mary Stalcup owned residential property that was insured under a Texas homeowners policy issued by Defendant Safeco. *Id.* at 3. The Stalcups' property was damaged by a wind and hailstorm on March 24, 2021, during the effective period of the policy. *Id.*; Dkt. No. 1 at 2. The core dispute is over the adjusted value of the Stalcups' claim under the policy. Dkt. No. 1 at 2–5. And the Stalcups bring that dispute in causes of action of (1) breach of contract, (2) Texas Prompt Payment of Claims Act violations, (3) Texas Unfair Claim Settlement Practices Act violations, (4) breach of duty of good faith and fair dealing, and (5) Texas Deceptive Trade Practices Act violations. *Id.* at 5–12.

I. SAFECO'S MOTION TO CAP ATTORNEYS' FEES

On June 15, 2022, Safeco filed its Motion to Cap Attorneys' Fees in which it asks the Court to "cap and limit Plaintiffs' attorneys' fee recovery to the amount of fees

1

reasonably incurred up to the filing of this Motion and preclude any fee recovery thereafter." Dkt. No. 9 at 2. The legal basis for Safeco's motion is Chapter 542A of the Texas Insurance Code, which applies to claims resulting from forces of nature including, relevant here, hail and wind, and filed on or after September 1, 2017. TEX. INS. CODE § 542A.001(1)(C).

Through its Motion, Safeco argues that under Section 542A.003 of the Texas Insurance Code, "Plaintiffs were required to send a notice to Defendant stating the nature and amount of their claim and attorneys' fees 'not later than the 61st day before the date a claimant files an action to which this chapter applies.'" Dkt. No. 9 at 1–2 (quoting TEX. INS. CODE § 542A.003). Relying on Section 542A.007(d), Safeco argues that the Plaintiffs' "[f]ailure to provide the requisite pre-suit notice provided for under Section 542A.003 results in the limitation of attorneys' fee that Plaintiffs can receive." *Id.* at 2. Section 542A.007(d) provides that:

> (d) If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

TEX. INS. CODE 542A.007(d).

Safeco asserts that it did not receive the required pre-suit notice from Plaintiffs prior to this action being filed, and refers the Court to "Defendant's Verification attached to this Motion" as evidence of that fact. Dkt. No. 9 at 2. But the verification does not appear

2

among the documents attached to Safeco's Motion. Rather than the required notice, Safeco claims that Plaintiffs instead "sent a demand letter that was wholly insufficient and did not abide by clear statutory requirements on or about July 1, 2021." *Id.* The demand letter, Safeco argues, does not meet the requirements of Section 542A.003(b)(3) because it is "wholly silent as to claimed amount of attorneys' fees." *Id.*

Plaintiffs did not respond to Safeco's Motion, thus the undersigned assumes that Safeco's Motion is unopposed.[1]

## II. DISCUSSION

As Safeco points out, Section 542A.003(a) of the Texas Insurance Code requires a claimant to give written pre-suit notice to an insurer at least 61 days before filing an action to which the Texas Insurance Code applies. TEX. INS. CODE § 542A.003(a). Pre-suit notice is not required if giving notice is impracticable because (1) the claimant has a reasonable basis for believing there is insufficient time to give the pre-suit notice before limitations will expire, or (2) the action is asserted as a counterclaim. TEX. INS. CODE § 542A.003(d). Pre-suit notice requirements, like the one found in the Texas Insurance Code, are intended to "discourage litigation and encourage settlements of consumer complaints" by allowing the defendant the opportunity to make a settlement offer prior to the filing of suit. *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (internal quotation and citation omitted) (discussing the pre-suit notice requirement of the Texas DTPA).

---

[1] The Local Civil Rules of this Court provide that "[a] response and brief to an *opposed* motion must be filed within 21 days from the date the motion is filed." *See* LOCAL CIVIL RULE 7.1(e). Thus, Plaintiffs' response to Safeco's June 15, 2022, Motion was due on July 6, 2022, but no response was filed.

If a claimant fails to give the pre-suit notice required under Section 542A.003, the defendant may limit the claimant's ability to collect attorney's fees if it "pleads and proves" the required notice was not given within 30 days of filing its original answer. TEX. INS. CODE § 542A.007(d).

Here, Safeco has satisfied Section 542A.007(d)'s requirements to cap Plaintiffs' collection of attorney's fees. Safeco filed its present motion on June 15, 2022—within 30 days of filing its original Answer on May 16, 2022. *See* Dkt. Nos. 7, 8. And while Safeco's referenced verification does not appear in the record, its Motion and its representation that Plaintiffs failed to provide the required notice is unopposed by Plaintiffs, thus sufficiently establishing that Safeco was entitled to but did not receive pre-suit notice from Plaintiffs.[2]

### III. CONCLUSION AND RECOMMENDATION

For reasons explained above, the undersigned RECOMMENDS that Safeco's Motion to Cap Attorneys' Fees be granted and that Plaintiffs be precluded from being awarded attorneys' fees that are incurred after June 15, 2022, the date Safeco filed its Motion.

### IV. RIGHT TO OBJECT

If any party wishes to object to any part of these Findings, Conclusions, and Recommendation, the party must file specific written objections within fourteen days after being served with a copy of these Findings, Conclusions, and Recommendation. *See* 28 U.S.C. § 636(b)(1) (2017); FED. R. CIV. P. 72(B). To be specific, an objection must identify

---

[2] By failing to respond to Safeco's Motion, Plaintiffs also have foregone the opportunity to put forth a reasonable basis that giving pre-suit notice would have been impracticable under Section 542A.003(d).

4

the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 14th day of November, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

5